MILWAUKEE & ST. PAUL RAILWAY COMPANY *vs.* CITY OF FARIBAULT.

October 17, 1876.

**Municipal Corporation—Laying out Street across Land Condemned for Railway Depot Grounds.**—Under a general power to lay out and open streets in a city,

the city council has no authority to lay out and open a street through the depot grounds of a railroad company, in such manner as to destroy, or essentially impair, the value of the company's easement therein, theretofore acquired under and in pursuance of an express legislative grant for that purpose.

**Same—Power Claimed to Arise from Necessity—Court, and not City, to Judge of such Necessity.**— When the jurisdiction of a municipal body over a particular subject-matter depends, not upon an express grant of power, but upon the existence of an alleged necessity from which the disputed power is to be implied, its decision upon the existence of such necessity is not conclusive upon the courts.

This action was brought in the district court for Rice county, to restrain the defendant from carrying into effect an ordinance providing for the opening of a street east and west across plaintiff's depot grounds, in the city of Faribault. These grounds, 1,340 feet in length from north to south, were acquired by the Minnesota Central Railroad Company, (to whose rights the plaintiff has succeeded) by condemnation under its charter. On the trial before *Lord*, J., it appeared, and was found by the court, that the opening of the proposed street would seriously interfere with the plaintiff's use of its depot grounds for the purposes of its railway, and that the depot grounds were bounded on the north and south by streets running east and west, and were also crossed by a street running east and west. The city claimed the right to open the proposed street under a provision in its charter authorizing the common council " to lay out, open, alter, and vacate public squares, streets, grounds, highways, and alleys, and to widen and straighten the same." Judgment was rendered perpetually enjoining the defendant from opening the proposed street, and the defendant appealed.

*O. F. Perkins*, for appellant.

*Gordon E. Cole*, for respondent.

CORNELL, J. It is conceded that the public easement in the original street became fully extinguished upon its vacation as such, and no point is made that the legal rights of the company in respect to the strip of land now sought to

be taken are any other or different than those acquired over the rest of its depot grounds, by condemnation proceedings under its charter. The fact that such strip was formerly subjected to the easement of a public street is, therefore, of no importance whatever in this case.

The entire length, north and south, of plaintiff's depot grounds at this place is only some 1,340 feet, and they are already traversed by three streets, crossing them east and west. Upon the stipulated facts and findings it is perfectly apparent that the opening and maintenance of an additional street across such grounds at the place proposed must greatly endanger the travelling public, make it impracticable for the company to transact its necessary business at that point, and deprive it nearly, if not entirely, of all beneficial use and enjoyment of its depot property for the public purpose for which it was condemned. Upon the admitted facts the beneficial coexistence and use of the two easements are impracticable, if not wholly impossible. Under these circumstances the question presented for consideration and decision is whether, under the general power conferred upon the city authorities "to lay out, open, alter, and vacate public squares, streets, grounds, highways, and alleys, and to widen and straighten the same," (City Charter, Sp. Laws 1872, p. 115, § 2,) it was intended by the legislature to give the right so to exercise such power as necessarily to destroy or essentially impair the value of an existing easement in property, which has been created for a distinct public purpose, under and in pursuance of an express legislative authority to that end.

The rule is well settled that, in cases of this kind, the legislative intent must be made to appear by express words or by necessary implication. *Inhabitants of Springfield* v. *Connecticut River R. Co.*, 4 Cush. 63 ; *City of Bridgeport* v. *New York & New Haven R. Co.*, 36 Conn. 255 ; *Matter of Boston & Albany R. Co.*, 53 N. Y. 574 ; and such implication never arises except as a necessary condi-

tion to the beneficial enjoyment and efficient exercise of the power expressly granted, and then only to the extent of the necessity. *Hickok* v. *Hine*, 23 Ohio St. 523. That the general power in question may be beneficially enjoyed and efficiently exercised, without any such interference with plaintiff's exclusive easement in its depot grounds as practically to destroy its value, seems too plain a proposition seriously to be controverted. It cannot be presumed that the legislature, in conferring this general power, ever contemplated its exercise in such a way as would result in the destruction of the site for the Deaf and Dumb Asylum, the removal of county buildings located at Faribault, or the abandonment of the depot grounds of the plaintiff, the property in each of these cases being specifically appropriated to an important public use by express sanction of law.

It is claimed by defendant that the city council, in this case, was the sole and exclusive judge as to the public necessity and propriety of laying out the proposed street, on the ground that the necessity and expediency of laying out highways is exclusively a legislative, and not a judicial, question. This is undoubtedly a correct rule as applied to the legislature itself, and also to a municipal body when acting within the conceded limits of its delegated powers. But when, as in this case, the jurisdiction of the inferior tribunal over the particular subject-matter depends, not upon an express grant of power, but upon the existence of an alleged necessity from which the disputed power is to be implied, the decision of such tribunal upon the existence of the necessity is neither final nor conclusive upon the courts.

The action of the city council in laying out the proposed street was without authority, and for this reason the judgment of the court below is affirmed.