MICHAEL FOHL and Others v. COMMON COUNCIL OF VILLAGE OF SLEEPY EYE LAKE.[1]

May 29, 1900.

Nos. 12,172—(131).

| 80 | 67 |
| s84 | 315 |
| 84 | 316 |
| 84 | 317 |
| 80 | 67 |
| 85 | 76 |
| 85 | 79 |
| 85 | 82 |

Railway—Necessity for Extending Street—Verdict.

Whether the verdict of the jury on an appeal in proceedings to lay out and establish a public highway, on the questions as to the propriety and necessity of the proposed highway, and whether it will essentially impair the use of a railroad right of way over which it is extended, is final and conclusive, and not subject to judicial review, quære?

Same—Power of Court under Laws 1895, c. 320.

Such questions are addressed to the sound judgment and discretion of the jury, and, though their verdict be not conclusive, the court has no power, under Laws 1895, c. 320, to direct and order judgment notwith-

[1] Reported in 82 N. W. 1097.

standing the same, except in cases where the evidence is clearly and indisputably conclusive on the questions.

## Same—Evidence not Conclusive.

The fact that the extension of a public street across the right of way of a railroad company will cause and necessitate the removal ·of a small coal shed belonging to the company, the change of a switch in line of the new street, and a rearrangement of some of its tracks, is not conclusive that the use of its right of way will be destroyed or essentially impaired.

Petition by Michael Fohl and others to the village council of the village of Sleepy Eye Lake to open and extend a street. The prayer of the petitioners having been denied by the village council, they appealed to the district court for Brown county. The appeal was heard before Webber, J., and a jury, which rendered a verdict that the order appealed from be reversed and the street be laid out and opened. From an order granting a motion for judgment in favor of respondent notwithstanding the verdict, and determining that the proposed street be not laid out and opened, the petitioners appealed to the supreme court. Reversed.

*Somerville & Olsen*, for appellants.

On the evidence there can be no question as to the necessity and propriety of opening the street a'cross the right of way of the railroad. No private corporation can derive powers, property, or franchises that may not be taken for public use, if the exigencies require it. West River Bridge Co. v. Dix, 6 How. 507; Elliott, Roads & S. § 170; Lake Erie v. City, 130 Ind. 224. Property held by a corporation acquired by purchase or by condemnation stands on the same footing as that held by an individual, and a franchise cannot be distinguished from other property. Elliott, R. R. § 1098. The mere fact that the extension of the street as proposed will inconvenience the company, or subject it to additional expense in transacting its business, constitutes no ground for interference of a court of equity. Little Miami v. City, 23 Oh. St. 510. The mere fact that in the right of way there is a small tool house and a switch, and possibly the steps at the east end of the freight depot platform, presents no obstacle to the condemnation. State v. Drummond, 46 N. J. L. 644; Illinois v. Town, 175 Ill. 562. The ques-

tion whether or not the company had sufficient yard room was for the jury. Chicago v. City, 169 Ill. 155. The jury having determined the public necessity and expediency of appropriating the land, the question is not subject to review. Stewart v. Great Northern Ry. Co., 65 Minn. 515; State v. Rapp, 39 Minn. 65; Little Miami v. City, supra. The extension of the street was a matter of discretion on the part of the board of trustees, which cannot be reviewed. When the use is public, the judiciary cannot inquire into the necessity or propriety of exercising the right of eminent domain. That right is political in its nature and not judicial. It belongs exclusively to the legislature, and under the constitution the judicial branch of the government has nothing to do with it. Illinois v. City, 141 Ill. 586; Chicago v. Town, 154 Ill. 656. See also President v. Village, 90 N. Y. 21; Commissioners v. Detroit, 93 Mich. 58; Gold v. Pitts-burg, 153 Ind. 232.

*L. G. Davis* and *Brown & Abbott,* for respondent.

BROWN, J.

On August 4, 1898, a petition signed by the requisite number of freeholders was presented to the common council of the village of Sleepy Eye Lake, praying that body to open and extend Fourth street of said village across the right of way of the Winona & St. Peter Railroad Company. The railroad extends through said village in an easterly and westerly direction. Fourth street is opened, laid out, and in use on both sides of the railroad right of way, and the prayer of the petition is to open and extend the same across such right of way. Proceedings were thereafter duly had by and before said common council, and on October 4, 1898, the prayer of the petition was denied. From the order denying it an appeal was taken by the petitioners to the district court. After trial in that court before a jury, a verdict was duly rendered reversing the determination of the common council, and ordering and directing that the proposed street be opened and laid out as prayed for, whereupon respondent moved the court, in the alternative, for a judgment on the merits, affirming the decision of the common council dismissing the petition, or for a new trial. The court granted the motion for judgment, vacated and set aside the verdict of the jury, and ordered

the entry of judgment affirming the order of the common council. The appeal to this court is from that order.

Two questions are presented for our consideration: (1) Whether the evidence shows that it is necessary and expedient to open the proposed street; and (2) whether, if opened and laid out, it will destroy or essentially impair the use of the railroad right of way.

Sleepy Eye Lake is a village of about 2,500 inhabitants. The railroad extends through the same in an easterly and westerly direction, the main business portion of the village being south of the railroad track. Fifth street, running north and south, divides the village in about the center, leaving an equal number of people on the east and on the west. Only two of the streets running north and south (Fifth and Sixth) extend across the railroad right of way. All others are laid out and extended up to the right of way, but do not cross the same. There is evidence tending to show that Sixth street is not much used; that in the neighborhood of one-third of all travel from the country districts comes into the village from the north, and crosses the track at Fifth street; and that said crossing is dangerous and unsafe for public use,—made so by the location of certain buildings on the right of way, which obstruct a view of the railroad track.

It is contended on the part of respondent (and there is evidence tending to support the contention) that there is no reasonable necessity for the extension of the street; that the Fifth street crossing is sufficient for all purposes; that the proposed new crossing will not be as safe for public travel as Fifth street; and that, if opened and laid out, it will practically destroy and essentially impair the use of the right of way for railroad purposes. The proposed crossing will extend over eight tracks of the railroad company, and necessitate the removal of one switch, a small coal shed, and a portion of a freight platform. Other matters are referred to by both parties on the subject of the necessity of the street, and whether the use of the right of way will be materially or essentially impaired, but the foregoing is a sufficient statement to explain fully the questions presented. The questions are so closely related that they may be considered together.

The power and authority to establish and lay out streets and

highways is legislative, and all questions of expediency and necessity are exclusively committed to that branch of the government. The power may be delegated to municipalities or municipal boards or commissioners, and their conclusion and determination as to the propriety and necessity of a proposed street or highway is as final and conclusive as though the legislature itself had determined the same. Such questions are not open to judicial review. The whole subject of the right of eminent domain for the purpose of taking private property for public use, such as laying out and establishing streets and highways, is, within certain constitutional limitations and restrictions, one of exclusive legislative cognizance; the proceedings, of course, being guided and regulated by legal rules and principles. Stewart v. Great Northern Ry. Co., 65 Minn. 515, 68 N. W. 208; Knoblauch v. City of Minneapolis, 56 Minn. 321, 57 N. W. 928. In this state such power and authority are expressly conferred by statute upon the administrative boards of counties, towns, villages, and cities. And in cases where any such board has acted, and has ordered or refused to order a street or highway laid out, an appeal is provided for to a justice of the peace, or to the district court where the damages claimed exceed the sum of $100. The general power of such boards to open and lay out streets and highways is sufficient to authorize them to extend the same across a railroad right of way. St. Paul, M. & M. Ry. Co. v. City of Minneapolis, 35 Minn. 141, 27 N. W. 500. Such authority is limited and restricted, however, by the condition that the street, when so extended across such right of way, shall not destroy or essentially impair the use thereof for railroad purposes. Milwaukee & St. P. Ry. Co. v. City of Faribault, 23 Minn. 167.

So that, in addition to the question whether the proposed street is necessary and proper to be laid out, we have for consideration the additional question whether it will destroy or essentially impair the use of the railroad right of way. The jury found that the street was a necessity and proper to be laid out, and that the same would not destroy or materially impair the use of the right of way. Counsel for appellants contend that this finding is final and conclusive, and not subject to judicial review. In the determination of such appeals with reference to the questions here involved, the jury are

governed and controlled by the same rules and principles by which the municipal authorities are governed, and their verdict is substituted for, and takes the place of, the order appealed from. Courts cannot inquire into the decision of the municipal authorities on the question of the utility and propriety of the street, or whether it will essentially impair the use of a railroad right of way over and across which it is to be extended, and it is urged that the verdict of the jury upon these questions should be surrounded with the same immunity from judicial interference. Whether counsel are correct in this proposition, we need not determine. Conceding, for the purposes of the case, that the verdict of the jury may be reviewed by the court, and a judgment ordered notwithstanding the same, we are of the opinion that the evidence in this case is not so conclusive as to justify the order appealed from.

The tribunal or officers authorized in the first instance to determine such questions, and the jury on appeal, must, of necessity, be clothed with large discretionary powers. The questions as to the necessity and propriety of the proposed street or highway, and whether it will destroy or essentially impair the use of the railroad right of way, are questions of fact, addressed to the sound judgment and discretion of the body to which committed for determination. And, if such determination be not final and conclusive, it should at least not be set aside by the court, except in cases where the evidence is clearly and indisputably conclusive against it. We are of the opinion that the evidence is not so conclusive. It is practically undisputed, but different minds, guided by a sense of fairness and impartiality, might reach different conclusions therefrom. It is true that defendant's use of the right of way will, if the street is extended across it, be interfered with in a measure. It will inconvenience defendant, and require the removal of a switch, a small coal shed, and perhaps necessitate a rearrangement of some of its tracks. But the fact that defendant will be inconvenienced is not conclusive that its use of the right of way will be essentially or materially impaired.

The true test of whether there will be an essential impairment, within the meaning of that expression, is given in the case of St. Paul, M. & M. Ry. Co. v. City of Minneapolis, supra:

"The most important question to be considered in such cases is whether the new use to which the railroad property is sought to be subjected by the municipal authorities is such as to be inconsistent with the prior public use."

The fact that the railroad company will be required to rearrange its tracks, and remove a switch and a small coal shed, does not conclusively show an essential impairment or an inconsistent use, and is not, standing alone, sufficient to defeat the right of the municipality to open the street. President v. Village, 90 N. Y. 21; St. Paul, M. & M. Ry. Co. v. City of Minneapolis, supra; State v. Drummond, 46 N. J. L. 644. Such matters have a very important bearing on that question, but are not conclusive. They are important considerations, also, on the question of damages to be awarded the railroad company. The rule as to granting judgment notwithstanding the verdict of a jury, laid down in Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958, must be applied.

It follows that the order appealed from must be reversed. But, as defendant's motion for a new trial has not been passed upon by the court below, the cause is remanded, with leave to defendant to renew that motion. Kreatz v. St. Cloud School Dist., 79 Minn. 14, 81 N. W. 533.

Order reversed.