## MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY v. VILLAGE OF HARTLAND.[1]

December 20, 1901.

Nos. 12,792—(118).

**Public Street—Condemnation.**

In proceedings by municipal authorities to condemn land for a public street, the burden of proof upon the question as to the propriety and necessity of the proposed street is upon the municipality.

**Railroad Right of Way—Burden of Proof.**

Where the proposed street extends over and across a railroad right of way or depot grounds, the burden to show that, if so extended, it will essentially impair and destroy the use of such right of way for railway purposes is upon the railway company.

**Same.**

Though the statutes require in such proceedings the landowner to be designated as plaintiff and the municipality as defendant, the burden of proof upon the issues mentioned is not thereby changed.

**Power of Municipal Corporation.**

Authority on the part of a municipality to extend a public street or highway over and across a railroad right of way is implied from the general grant of power to lay out and establish streets and highways.

**Same—Destruction of Property.**

Such authority is not implied, however, nor does it exist, when the use of the right of way for railway purposes will be thereby essentially impaired or destroyed; in which event express legislative authority to so extend a street is necessary.

**Decision of Village Authorities—Setting Aside.**

The determination of the municipal authorities in proceedings to lay out and open a street over and across the right of way of a railway company, or the determination of a jury, on appeal therefrom, that such street is a public necessity, and, when so laid out and opened, will not essentially impair the use of such right of way for railway purposes, will be set aside by the court only on its appearing that the evidence is conclusive against it. Fohl v. Common Council of Village of Sleepy Eye Lake, 80 Minn. 67, followed.

[1] Reported in 88 N. W. 423.

## Assignments of Error.

Various assignments of error considered and disposed of.

Appeal by plaintiff from an order of the district court for Freeborn county, Kingsley, J., denying a motion for a new trial. Affirmed.

*Albert E. Clarke* and *Henry C. Carlson*, for appellant.

*Morgan & Meighen* and *H. H. Dunn*, for respondent.

BROWN, J.[2]

This proceeding was instituted by the village of Hartland, in Freeborn county, for the purpose of condemning land for a public street over and across the right of way and depot grounds of the appellant railway company. The proceedings, conducted under and pursuant to G. S. 1894, §§ 1240–1244, inclusive, were commenced before a justice of the peace, as required by the provisions of the statutes, and resulted in a verdict in that court to the effect that the proposed street was a public necessity, that it would not essentially impair or destroy the use of the right of way for railroad purposes, and fixed and assessed the damages to be paid to the railway company. An appeal was taken to the district court, where, after trial before the court and a jury, the same result was reached, except that an increased amount of damages was awarded to the railway company. A motion was subsequently made in the district court for a new trial, which was denied, and the railway company appealed. Several assignments of error are presented in the record, but it is not necessary to consider all of them. Some are without special merit, and the others are embodied in the two or three main questions in the case.

1. At the opening of the trial in the district court counsel for the railway company moved the court that the village be required to assume the burden of proof upon the question as to the public necessity for the proposed street. The motion was denied, an exception noted, and the ruling is assigned in this court as fatal error.

We are all agreed that the ruling of the court was erroneous,

[2] LOVELY, J., took no part.

especially so if held and treated as a ruling that the burden of proof, as distinguished from the order of proof, was upon the railway company. The railway company, though named as plaintiff by statute, stood in the position of a defendant, and in fact in the negative on every issue in the proceedings, except, perhaps, upon the question of damages and whether opening the proposed street over its right of way would essentially impair the use thereof for railroad purposes. Battle Creek v. Tiffany, 99 Mich. 471, 58 N. W. 617. Clearly, upon all other questions, and certainly with respect to whether the public necessities required the opening of the street, the burden of proof was upon the village. The village initiated the proceedings. It had no authority to lay out or open the street across the right of way or elsewhere, except on a showing that the public necessities demanded it, and it certainly had the affirmative of that question. To cast the burden of proof as to that issue upon the railway company would require it to prove a negative,—i. e., that the proposed street was not a public necessity,—and require the indulgence by the court of a presumption that it was.

The law does not presume that a proposed street is a public necessity in proceedings of this character. It is a question of fact to be established in the usual way, and the burden to prove it is upon the party asserting it. The village asserted it in this proceeding, and clearly had the burden to prove it.

We are agreed that the ruling of the court on this subject was error, but a majority of the court are of opinion that it was, in view of the subsequent events of the trial, without prejudice to the substantial rights of the railway company, and not ground for a new trial. The order, though apparently one determining the burden of proof, resulted only in a direction as to the order of proof,—a discretionary matter with the court. The railway company assumed the affirmative pursuant to the ruling of the court, and the village the negative. The matter was not again referred to after the opening of the trial. The jury were not instructed on the subject, nor was any request made that they be informed on that feature of the case. In view of this situation it seems reasonably clear that the railway company was in no way substantially

prejudiced by the ruling. Clearly, the jury were not .influenced or controlled in any way in arriving at their verdict by the ruling, and a majority of the court are of opinion that a reversal should not be ordered for this error.

2. It is contended by appellant that the evidence conclusively shows that the opening of the proposed street over the railroad yards would essentially impair and destroy the use of the same for railroad purposes, and that, in consequence, the village authorities possess no power to order the same laid out. It is also contended that the evidence is sufficient to show a public necessity for the proposed street.

The power and authority to lay out and establish streets and highways is legislative, and all questions of expediency, propriety, and necessity are exclusively committed to that branch of the government. The authority may be exercised by the legislature direct, or, as it is generally, delegated to municipal authorities and inferior boards. It is essentially political, and the determination of the legislature, municipal authorities, or tribunal to which it is delegated, with respect to the public utility of a proposed street or highway, is final and conclusive, and not open to judicial review, except upon an appeal in the same proceeding. St. Paul, M. & M. Ry. Co. v. City of Minneapolis, 35 Minn. 141, 27 N. W. 500; Knoblauch v. City of Minneapolis, 56 Minn. 321, 57 N. W. 928.

We held in the case of Fohl v. Common Council of Village of Sleepy Eye Lake, 80 Minn. 67, 82 N. W. 1097, that, whether the verdict of a jury in proceedings of this character upon the question as to the necessity and propriety of a public street or highway is final and conclusive to the same extent as the determination of the municipal authorities or not, such verdict should be set aside only upon its appearing that the evidence is indisputably conclusive against it.

Adopting this as a proper rule, as it unquestionably is (Dunham v. Village, 75 Ill. 371), it only remains to inquire whether the evidence in this case as to the public necessity- of the proposed street is conclusive against the result arrived at by the jury. We have examined the evidence with care, and reach the conclusion that the verdict is amply sustained. The village of Hartland con-

tains a population of something over three hundred, and is, as appears from the evidence, a thriving country village, with business of various kinds, including elevators, lumber yards, a creamery, and general stores.     The railroad extends through it in a northerly and southerly direction, leaving the larger portion of the residence property and business places upon the west side of the right of way.    There is but one street in the village now extending across the right of way, and the claim is made that it is wholly insufficient for the wants and necessities of the public, and that the proposed street is essential for the public welfare, and will be a substantial public benefit.    Whether there is an absolute necessity for the street is not before the court.    With that question we are not concerned.    The question whether it is a public necessity is settled by the verdict of the jury, and we have simply to determine whether the evidence is conclusive that it is not.    Our conclusion is that the jury properly disposed of the question, and we sustain their decision.

3. The principal contention of appellant is that it conclusively appears from the evidence that by opening the street across its right of way the use thereof for railroad purposes will be essentially impaired and destroyed, and for this reason that the village authorities possess no power to extend the street over the same. Milwaukee & St. P. Ry. Co. v. City of Faribault, 23 Minn. 167, is cited in support of this contention.

In that case it appeared that the city, by proper resolution and proceedings, determined that the public necessities required the laying out and opening of a street across the right of way and depot grounds of the railway company, and took formal proceedings to open the same, whereupon the railway company brought an action in equity to restrain and enjoin further proceedings in that direction.    The case came on for trial without a jury, and the district court found as a fact that the extension of the street across the right of way would seriously interfere with the railway company's use of the depot grounds, and judgment was ordered perpetually enjoining the city from opening the same.    The cause was removed to this court by the city, and it was held, the court basing its decision upon the findings of the trial court and upon the facts

stipulated by the parties, that the proposed new street, if laid out, would render the use of the right of way and depot grounds impracticable, and deprive the company of the beneficial use and enjoyment thereof; that, in consequence, the city authorities had no jurisdiction to open the proposed street; and the trial court was sustained. The court recognized the rule that all questions of expediency, propriety, and public necessity for public improvements of this character are exclusively legislative, and not judicial; but the case was evidently disposed of on the ground that the question whether the opening of the proposed street across the depot grounds and right of way would essentially impair the use thereof for railroad purposes was not necessarily a legislative question, but one going to the jurisdiction of the city authorities to proceed in the matter.

On no other view could the court have sustained the collateral attack on the action of the municipal authorities. It was not held that a street could not, under any circumstances, be extended across a railroad right of way, but that it could not be so extended if it would result in the material impairment of the use thereof; and the case was disposed of on the findings of the trial court to the effect that such would be the result.

It is true that the right of eminent domain does not authorize the taking of property previously acquired for and appropriated to a public use for another and inconsistent use, unless there be express legislative authority to that end. There is in this state no express legislative authority empowering municipal authorities to take or appropriate land already appropriated for a public use, and apply it to another and inconsistent public use. The rule, however, authorizes the second public use where not inconsistent with the first use, and where both may stand together without material impairment of the first. In such cases authority to appropriate for the second use may be implied from a general grant. We have a general grant of power to municipal authorities to lay out, open, and extend streets and highways, and this general grant authorizes, by implication, an extension of streets across a railroad right of way, when, by such extension, it will not be essentially

impaired for railroad purposes. St. Paul, M. & M. Ry. Co. v. City of Minneapolis, supra, and cases cited. If the fact appears that the right of way will be practically destroyed or impaired, then, within the rule of the Faribault case, supra, no jurisdiction or authority to open the street exists.

So the question for consideration in the case at bar is whether the evidence shows that the opening of the proposed street will destroy or essentially impair the use of the right of way and depot grounds in question for railroad purposes. Whether this is a legislative question, or only an ordinary question of fact to be determined in the usual way, the determination thereof by the municipal authorities, and the verdict of the jury on appeal from their determination, should be disturbed or set aside by this court only as suggested in Fohl v. Common Council of Village of Sleepy Eye Lake, supra, where the evidence is practically conclusive against the result reached by them. We are of opinion that the evidence is not so conclusive in this case. The evidence is much stronger in favor of the contention of the village in the case at bar than in the Fohl case. The verdict of the jury on this question must therefore be sustained.

4. Several objections are raised under the sixth assignment of error.

First. That no plat was made and filed as required by the statute under which the proceedings were conducted and authorized. There is nothing substantial in this point. It appears from the record that another proceeding had been instituted by the village authorities some years previous for the purpose of laying out and opening the same street; in which proceedings a plat in sufficient compliance with the statute was made and prepared under the authority and direction of the village council. That plat was adopted and used in this proceeding, offered in evidence on the trial, and became a record and file in the action. We think the statute in this respect sufficiently complied with.

Second. It is contended under this assignment of error that there was no evidence of the incorporation of the village of Hartland. It is true that no affirmative proof of incorporation was offered, but the whole trial proceeded on the theory that the village was

duly incorporated, and no suggestion was made by appellant, either before the justice or in the district court, that there was a failure of proof in this respect until after the verdict had been rendered in the district court, when for the first time the objection was made. Officers of the village were called and sworn as witnesses in the case. They testified that they were officers, and one of them, at least, testified that the village was incorporated. A broad and substantial administration of justice precludes sustaining appellant's contention on this point. It appears satisfactorily to us that the incorporation of the village was, for all purposes of the case, sufficiently shown.

We have examined all other assignments of error, and find no reason for disturbing the order appealed from. The only serious question, as we have already noted, is with reference to the ruling of the court on the subject of the burden of proof as to the public necessity of the proposed street; and as a majority of the court are of opinion that the ruling did not result prejudicially to appellant, it was not reversible error.

Order affirmed.