VILLAGE OF LAMBERTON v. CHICAGO & NORTH WESTERN
RAILWAY COMPANY.[1]

March 13, 1936.

No. 30,696.

*William T. Faricy, Warren Newcome, Alfred E. Rietz,* and *Alfred C. Dolliff,* for appellant.

*Julian E. Morten,* for respondent.

LORING, JUSTICE.

In condemnation proceedings by the village of Lamberton to extend D street of that village across the right of way, yards, and depot platform of the Chicago & North Western Railway Company, the village had a judgment condemning the easement sought across

[1] Reported in 265 N. W. 801.

the property of the railway company, which has appealed, asserting that the village has no power to condemn land that has already been dedicated to a public use and that the village has not shown any necessity for such taking. The railway company also asserts that the evidence conclusively shows that the taking by the village will destroy or materially impair the prior railroad use to which it is subjected.

The village council, before instituting the proceedings to condemn the easement, obtained an order from the railroad and warehouse commission approving the proposed street crossing.

The question of the village's power to condemn an easement for a street across railroad property is no longer an open one in this state. M. & St. L. R. Co. v. Village of Hartland, 85 Minn. 76, 88 N. W. 423. The court there held that the general grant of power to a municipal authority to lay out, open, and extend streets and highways authorizes by implication an extension of streets across the railroad's right of way when by such extension it will not essentially impair it for railroad purposes.

The necessity for the taking was a legislative question committed to the sound discretion of the village council not subject to judicial review. State ex rel. Hunt v. City of Montevideo, 142 Minn. 157, 160, 171 N. W. 314. Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077; Fohl v. Village of Sleepy Eye Lake, 80 Minn. 67, 82 N. W. 1097; St. P. M. & M. Ry. Co. v. City of Minneapolis, 35 Minn. 141, 27 N. W. 500. This rule is not changed by the fact that the property upon which the easement is sought is already subject to a public use. The only question under such circumstances which we may review is whether the taking will destroy or materially impair the prior use.

Upon the record here presented, we cannot set aside the judgment on the ground that the inconvenience to the railroad company is so great as to impair or destroy its use of its property. The meager character of the railroad's facilities at the village of Lamberton is well shown by the photographs and plats in evidence. There is ample room for the rearrangement of the cinder platform. Apparently the greatest inconvenience to the railroad company will be the

cutting of its trains when standing longer than the statutory limit, and this will probably apply only to freight trains.

We find no ground for reversal, and the judgment is affirmed.