In the Matter of Condemnation by SUB-URBAN HENNEPIN REGIONAL PARK DISTRICT of Certain Lands in the County of Hennepin.

No. C6–96–1037.

Court of Appeals of Minnesota.

March 25, 1997.

Jeffrey R. Brauchle, Jennifer K. Muenchrath, Oppenheimer Wolff & Donnelly, Minneapolis, for Respondent Suburban Hennepin Regional Park District.

Edward M. Glennon, Ann E. Kennedy, Lindquist & Vennum, P.L.L.P., Minneapolis, for Appellant Union Pacific Railroad Company.

Considered and decided by SHORT, P.J., and AMUNDSON and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Union Pacific Railroad appeals from an order granting condemnation of 6.26 miles of the railroad's right-of-way for the development of a recreational trail. We affirm.

## FACTS

The Suburban Hennepin Regional Park District[1] (Park District) seeks to condemn approximately 6.26 miles of Union Pacific Railroad's right-of-way running from Highway 494 in Plymouth to Theodore Wirth Parkway in Golden Valley to complete acquisition and development of a recreational trail.

The right-of-way sought to be acquired by the Park District runs parallel to railroad tracks. Currently, Union Pacific operates two trains on the tracks on weekdays, at 10:00 a.m. and 3:00 p.m., and operates trains on weekends five or six times per year. The trains travel at a speed of between five and ten miles per hour.

Union Pacific challenged the Park District's condemnation petition, arguing that the recreational trail would be substantially inconsistent with the railroad's existing use of the right-of-way because the trail would result in increased risk of injury to the public, increased litigation for the railroad, reduced space for railroad business, diversion of the attention of railroad employees, and pedestrian-created dangers such as rock throwing and people placing objects on tracks. On April 12, 1996, the district court ordered condemnation ruling that, as a matter of law, Union Pacific's claims of inconvenience and increased expense were insufficient to prevent condemnation and denied Union Pacific's motion for an evidentiary hearing. The railroad appeals.

## ISSUES

1. Did the district court err by concluding, as a matter of law, that the Park District's proposed use of the railroad's right-of-way is not substantially inconsistent with the railroad's existing use and granting the condemnation petition?

2. Did the district court err by denying the railroad's motion for an evidentiary hearing?

## ANALYSIS

1. A condemnor with the right of public domain may not condemn public property or property devoted to public use unless such authority is expressly or implicitly granted by statute. *City of Shakopee v. Clark,* 295 N.W.2d 495, 498 (Minn.1980). A railroad right-of-way, such as the one at issue here, is property devoted to a public use. *See Northern Pac. Ry. v. City of Duluth,* 153 Minn. 122, 124, 189 N.W. 937, 938 (1922) (railroad land at issue already devoted to public use); *Northwestern Tel. Exch. Co. v. Chicago, Milwaukee & St. Paul Ry. Co.,* 76 Minn. 334, 347, 79 N.W. 315, 318 (1899) (railroad right-of-way was land already devoted to public use). "An implied right to condemn

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The Park District is a public corporation established under Minn.Stat. §§ 398.01–.36 (1996) and charged with responsibility for the acquisition and development of parks and trails; it has eminent domain authority pursuant to Minn.Stat. § 398.09.

public property under a general grant may * * * be found where the condemnor's use is not substantially inconsistent with that of the condemnee." *Shakopee*, 295 N.W.2d at 499. This implied power may not be invoked, however, when the proposed use of the railroad property would destroy or essentially impair the railroad's existing use of the property. *Milwaukee & St. Paul Ry. Co. v. City of Faribault*, 23 Minn. 167, 169 (1876); *see Northwestern Tel. Exch.*, 76 Minn. at 346, 79 N.W. at 317 (land devoted to public use may not be condemned where taking would extinguish or materially injure prior use). The railroad, here Union Pacific. has the burden of proving that the proposed recreational trail would deprive the railroad of its beneficial use and enjoyment of the right-of-way. *Chicago & N.W. Ry. Co. v. City of Rochester*, 331 F.Supp. 47, 51 (D. Minn. 1971) (citing *Minneapolis & St. Louis R.R. Co. v. Village of Hartland*, 85 Minn. 76, 88 N.W. 423 (1901)).

Union Pacific argues that the condemnation should be prohibited because its existing use of the right-of-way is substantially inconsistent with the proposed recreational trail since the trail would result in increased risk of injury to the public, increased litigation for the railroad, reduced space in the right-of-way, diversion of the attention of railroad employees, and pedestrian-created dangers. In support of its argument, Union Pacific relies on *Northwestern Tel. Exch.* and *Minnesota Power & Light Co. v. State*, 177 Minn. 343, 225 N.W. 164 (1929). Neither case, however, directly addresses the issue here—whether the existing and proposed uses are substantially inconsistent. The question addressed in *Northwestern Tel. Exch.* was whether there was a reasonable necessity that this particular property be condemned to erect telephone poles and line. *Northwestern Tel. Exch.*, 76 Minn. at 347–51, 79 N.W. at 317–19. Similarly, the decision in *Minnesota Power & Light* was based on the court's finding that there was no public necessity requiring an easement for electrical power lines through a state park. *Minnesota Power & Light*, 177 Minn. at 352, 225 N.W. at 167.

Minnesota courts have consistently held that increased expense, danger, or inconvenience is insufficient, as a matter of law, for a finding of substantial inconsistency. *See Northern Pac. Ry.*, 153 Minn. at 126–27, 189 N.W. at 939 (holding that congestion of traffic and danger due to proposed grade crossing over railroad property not objection to condemnation); *Fohl v. Common Council*, 80 Minn. 67, 73, 82 N.W. 1097, 1099 (1900) (no essential impairment or inconsistent use where railroad was required to rearrange tracks, and remove switch and coal shed to accommodate proposed use of railroad property); *St. Paul, Minneapolis & Manitoba Ry. Co. v. City of Minneapolis*, 35 Minn. 141, 143–44, 27 N.W. 500, 501 (1886) (inconvenience and expense to railroad caused by proposed street extension and increased risk of danger to public not grounds for interference by the court). Condemnation has only been prohibited where the proposed use would *destroy or impair* the *essential value* of the existing use. *City of Shakopee*, 295 N.W.2d at 500 (preventing condemnation where the proposed road would have reduced the useful life of a sludge disposal site by one to two years); *Milwaukee & St. Paul Ry. Co.*, 23 Minn. at 169 (prohibiting condemnation where the proposed use would deprive the railroad "nearly, if not entirely, of all beneficial use and enjoyment" of its property and the co-existence of the two public uses was "impracticable, if not wholly impossible"). Union Pacific does not argue that the operation of the recreational trail would render its operations impossible. We conclude that the district court properly ordered condemnation because, as a matter of law, the proposed recreational trail will not substantially interfere with the railroad's existing use of the right-of-way.

2. Union Pacific argues that the district court erred in denying its motion for an evidentiary hearing. Assuming that all the facts alleged in Union Pacific's affidavits and memoranda in opposition to the condemnation petition are true, these facts, as a matter of law, are insufficient to prohibit condemnation.

On appeal, Union Pacific does not argue that it would present additional reasons sup-

porting its contention that the proposed trail is substantially inconsistent with the existing use at an evidentiary hearing. Union Pacific merely reiterates the same concerns of danger and expense that are in the record. We therefore conclude that the district court's denial of Union Pacific's motion for an evidentiary hearing was harmless error. *See* Minn. R. Civ. P. 61 (harmless error not ground for disturbing order).

## DECISION

The district court properly ordered condemnation because, as a matter of law, the proposed recreational trail will not substantially interfere with the railroad's existing use of the right-of-way and the district court's denial of Union Pacific's motion for an evidentiary hearing was harmless error.

**Affirmed.**