*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0557**

Megan Guetzkow, et al.,
Respondents,

vs.

Brian John Irgens,
Appellant.

**Filed December 4, 2023
Affirmed
Wheelock, Judge**

Wright County District Court
File No. 86-CV-18-2938

Gerald W. Von Korff, Rinke Noonan, Ltd., St. Cloud, Minnesota (for respondents)

Brian John Irgens, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Larkin, Presiding Judge; Segal, Chief Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**WHEELOCK**, Judge

Appellant challenges the district court's determination that his motions, which requested that the district court (1) set aside the sheriff's sale of a property that he alleges is his homestead, (2) order respondents to dismiss their complaints against him in Pope County District Court, and (3) order respondents to record documents discharging the sheriff's certificate of sale, were impermissible collateral attacks. He also asserts that the

district court denied him due process when it canceled the hearing on his motions. We affirm.

**FACTS**

In 2019, respondents Megan Guetzkow, on behalf of her minor daughter, and Mariah Guetzkow (collectively, "Guetzkow") secured a judgment for damages in the amount of $841,621.15 in a personal-injury lawsuit against appellant Brian John Irgens in Wright County District Court. The damages award was based on Irgens's sexual abuse of the respondents. Irgens appealed the judgment, and this court affirmed. *Guetzkow v. Irgens*, No. A19-2075, 2020 WL 4743464 (Minn. App. Aug. 17, 2020) (*Guetzkow I*), *rev. denied* (Minn. Oct. 28, 2020).

While the personal-injury lawsuit was pending and Irgens was incarcerated for criminal convictions based on the same conduct, Irgens inherited real property in Pope County and recorded a notice of homestead in that county. The order for judgment on the personal-injury claim and this court's opinion in *Guetzkow I* both briefly reference Irgens's claimed homestead exemption. In its findings of fact, the district court recited that Irgens "claims the Pope County property as his homestead." In *Guetzkow I*, we stated that "[t]he record shows that two of the real-estate properties that [Irgens] is expected to receive from his father's estate each have a taxable market value of more than $200,000, one of which is Irgens's homestead." *Id.* at *4.

In 2021, Guetzkow filed a declaratory-judgment action in Pope County challenging Irgens's notice of homestead. The Pope County District Court granted summary judgment in favor of Guetzkow, issuing a declaratory judgment that Irgens's homestead-exemption

claim was not valid. Irgens appealed, and this court affirmed. *Guetzkow v. Irgens*, No. A21-1328, 2022 WL 1297621 (Minn. App. May 2, 2022) (*Guetzkow II*), *rev. denied* (Minn. July 19, 2022).

In August 2022 and January 2023, Irgens filed motions in the personal-injury action seeking an order (1) setting aside the sheriff's sale of the Pope County property based on his continued assertion that the property is his homestead, (2) directing Guetzkow to dismiss their complaints in Pope County District Court, and (3) directing Guetzkow to record documents discharging the sheriff's certificate of sale. The district court denied Irgens's motions because it determined that they were impermissible collateral attacks on the Pope County declaratory judgment.

Irgens appeals.

**DECISION**

Irgens attempts to raise several issues, but his brief primarily contains bare allegations unsupported by argument or applicable law. An assignment of error based on "mere assertion" and not supported by argument is waived unless prejudicial error is obvious on mere inspection. *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971). We do not presume error on appeal; rather, the burden rests on the "one who relies upon" the error to make the error appear affirmatively before there can be reversal. *Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 237 N.W.2d 76, 78 (Minn. 1975) (quotation omitted). This court generally holds pro se litigants to the same standard as attorneys. Minn. R. Gen. Prac. 1.04; *see Francis v. State*, 781 N.W.2d 892, 896 (Minn. 2010). Irgens's brief is almost wholly composed of direct quotes from cases and treatises

3

addressing legal principles generally, most of which have no relevance to the issues present in this case. Several of Irgens's arguments are not supported by the record or appropriate legal authority, and therefore, we do not consider these arguments on appeal.

Irgens attempts to make legal arguments that pertain to issues that were arguably relevant to the Wright County damages judgment, *Guetzkow I*, the Pope County declaratory judgment, and *Guetzkow II*—but are not relevant here.[1] We discern two arguments in Irgens's self-represented brief that relate to the Wright County District Court decision on appeal. First, Irgens asserts that the district court erred by determining that his motions were impermissible collateral attacks and argues that the Pope County declaratory judgment and this court's opinion affirming that judgment in *Guetzkow II* are unenforceable because the Wright County order for judgment and *Guetzkow I* conclusively established his right to the homestead exemption. Second, Irgens argues that the district court violated Irgens's due-process rights by denying him a hearing on his motions. In addition, Irgens asks this court to sanction Guetzkow's counsel.

---

[1] For example, Irgens argues that Guetzkow lacked standing in the declaratory-judgment proceedings in Pope County and in *Guetzkow II* because Guetzkow failed to prove injury in fact and were not proper parties to the action because they were not parties to his notice-of-homestead filing. Irgens's other arguments include various alleged procedural deficiencies, improper choices of remedies, and a breach-of-contract theory. Irgens does not explain, and we do not see, how they are relevant to any issue properly before this court. Moreover, these arguments suffer from the same lack of factual and legal support that plague the remainder of the brief, and therefore, we do not review them.

**I.     The district court did not abuse its discretion when it denied Irgens's motions for injunctive relief because they are impermissible collateral attacks on prior judicial decisions.**

Irgens argues that his motions were not impermissible collateral attacks because the decisions he challenges—*Guetzkow II* and the Pope County declaratory judgment—are void. He asserts that *Guetzkow I* and the Wright County order for judgment are final determinations that he is entitled to a homestead exemption. He argues that, therefore, the Pope County District Court and this court in *Guetzkow II* lacked subject matter jurisdiction to decide the issue of the validity of the homestead exemption, rendering those decisions void and open to collateral attack.

An attack on a prior judgment is collateral when it is made in a proceeding other than the one in which the challenged judgment was entered. *Bode v. Minn. Dep't of Nat. Res.*, 612 N.W.2d 862, 866 (Minn. 2000).

> Where a direct attack on a judgment attempts to annul, amend, reverse, or vacate a judgment or to declare it void in an appropriate proceeding instituted initially and primarily for that purpose, an impermissible collateral attack similarly attacks the validity of a judgment, but the attack is purely secondary or incidental.

*Aaron Carlson Corp. v. Cohen*, 933 N.W.2d 63, 71 (Minn. 2019) (quotation omitted). Irgens's motions are collateral attacks because they seek relief enjoining the effects of judicial determinations made in other proceedings.

A collateral attack may be permissible if the challenged judgment is void for lack of subject matter jurisdiction. *Bode*, 612 N.W.2d at 866. However, Minnesota law places "limits on the ability of a party to raise lack of subject matter jurisdiction as a basis for

5

attacking a final judgment." *Aili v. State*, 963 N.W.2d 442, 452 (Minn. 2021). When a party collaterally attacks a judgment as void for lack of subject matter jurisdiction, Minnesota courts follow section 12 of the Restatement (Second) of Judgments in deciding whether to allow the attack. *Bode*, 612 N.W.2d at 867. The Second Restatement provides that such an attack should not be permitted unless

> (1) [t]he subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or
> (2) [a]llowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or
> (3) [t]he judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.

Restatement (Second) of Judgments § 12 (1982). This is a high bar. "[A] judgment is not void for lack of subject matter jurisdiction unless no arguable basis for jurisdiction existed." *Bode*, 612 N.W.2d at 870 (quotation omitted). And a party cannot attack subject matter jurisdiction just because they disagree with the result of the decision, as subject matter jurisdiction "comprehends the power to decide a particular case wrongly as well as rightly." *Robinette v. Price*, 8 N.W.2d 800, 805 (Minn. 1943).

"Subject matter jurisdiction involves a court's authority to decide a particular class of actions and its authority to decide the particular questions before it." *State ex rel. Swan Lake Area Wildlife Ass'n v. Nicollet Cnty. Bd. of Cnty. Comm'rs*, 711 N.W.2d 522, 525 (Minn. App. 2006), *rev. denied* (Minn. June 20, 2006). Minnesota district courts have

6

broad subject matter jurisdiction to decide civil actions. Minn. Stat. § 484.01, subd. 1(1) (2022); *Anderson v. County of Lyon*, 784 N.W.2d 77, 80 (Minn. App. 2010), *rev. denied* (Minn. Aug. 24, 2010). Subject matter jurisdiction is a question of law that this court reviews de novo. *Bode*, 612 N.W.2d at 866.

Irgens's first argument is that the Pope County declaratory judgment—and our *Guetzkow II* decision—are void because the decisions in *Guetzkow I* had already finally determined that he was entitled to the homestead exemption for the Pope County property. In support, he cites authority referring to res judicata/claim preclusion, collateral estoppel, collateral attack, the law-of-the-case doctrine, the first-to-file rule, comity, and the Full Faith and Credit Clause of the U.S. Constitution.

But Irgens does not explain how any of these doctrines affect subject matter jurisdiction. And most of these legal doctrines do not negate subject matter jurisdiction because they are prudential, not mandatory. *See Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004) ("[N]either res judicata nor collateral estoppel is to be rigidly applied."); *Bode*, 612 N.W.2d at 868 (analyzing a collateral attack according to "competing principles of finality and validity"); *Loo v. Loo*, 520 N.W.2d 740, 744 n.1 (Minn. 1994) (explaining that law of the case is a "discretionary doctrine"); *Levine v. Bayview Loan Servicing, LLC*, 926 N.W.2d 49, 56 (Minn. App. 2019) (explaining that "comity is a principle taken into account when addressing whether to apply the first-to-file rule," which

is "not a rigid rule").[2] Thus, even if we concluded that any of them applied, these doctrines do not affect the district court's subject matter jurisdiction in the Pope County declaratory-judgment proceeding or our subject matter jurisdiction in *Guetzkow II*. Because the district court and this court did not lack subject matter jurisdiction, Irgens's collateral attacks on the Pope County judgment and *Guetzkow II* lack merit.

Nevertheless, we note that whether or not the property qualified as a homestead was not at issue in the Wright County personal-injury lawsuit, and we did not review it in *Guetzkow I*, either. Thus, the statements Irgens references cannot be relied on as having decided the issue or otherwise used to establish the validity of Irgens's claimed homestead exemption. "Comments that are not necessary to a decision . . . are non-binding dicta." *See In re Welfare of Child. of J.D.T.*, 946 N.W.2d 321, 327 n.6 (Minn. 2020). The district court's statement in the Wright County order for judgment that Irgens "*claims* the Pope County property as his homestead" is not a legal determination that his claim was valid because that issue was not relevant to and not contested in the personal-injury lawsuit. And our reference in *Guetzkow I* to the claimed homestead exemption is merely a reference that is not a legal determination. Nor could our reference to Irgens's claimed homestead exemption be a factual determination. *See Fontaine v. Steen*, 759 N.W.2d 672, 679 (Minn. App. 2009) ("It is not within the province of appellate courts to determine issues of fact on appeal." (quotation omitted)). Thus, the excerpts from the Wright County order for

---

[2] The Full Faith and Credit Clause can affect subject matter jurisdiction. *See Matson v. Matson*, 333 N.W.2d 862, 867 (Minn. 1983). But because it governs recognition of judicial determinations between states, it does not apply here. *See* U.S. Const. art. IV, § 1.

judgment and *Guetzkow I* decision that Irgens cites have no preclusive effect and did not decide the validity of the homestead exemption.

Irgens has not met the high bar to prove that the decisions in the Pope County declaratory judgment and *Guetzkow II* are void for lack of subject matter jurisdiction. The district court did not abuse its discretion when it determined that Irgens's collateral attacks are impermissible.

## II. Irgens does not demonstrate that the district court's cancellation of the hearing on his motions was prejudicial error.

Irgens next asserts that the district court violated his constitutional due-process rights by canceling the hearing on his motions, but he does not provide any legal argument to support this assertion. We do not consider an issue when it is not supported by the record or by legal authority. *State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008) (citing *Louden v. Louden*, 22 N.W.2d 164, 166 (Minn. 1946)) ("We will not consider pro se claims on appeal that are unsupported by either arguments or citations to legal authority.").

Moreover, a district court's denial of a hearing in a civil matter, even if erroneous, will not be reversed if the error was harmless. *See In re Condemnation by Suburban Hennepin Reg'l Park Dist.*, 561 N.W.2d 195, 197-98 (Minn. App. 1997) (citing Minn. R. Civ. P. 61). The appellant must show both error and that the error caused them prejudice. *Bloom v. Hydrotherm, Inc.*, 499 N.W.2d 842, 845 (Minn. App. 1993), *rev. denied* (Minn. June 28, 1993). Irgens makes general claims about due process but does not explain how the district court's decision not to hold a hearing prejudiced him. Because Irgens does not assert or demonstrate prejudice, we reject this argument.

9

### III. Irgens's request for sanctions is denied.

Finally, Irgens urges this court to sanction Guetzkow's counsel. Irgens asserts that Guetzkow's counsel engaged in misconduct by representing his minor daughter in the personal-injury lawsuit against him, thereby causing his daughter to breach her fiduciary duty to him as her father, by charging her attorney fees, and by filing "frivolous actions"—all of which, he asserts, was "predatory." He does not, however, ask us to review a determination by the district court regarding sanctions, identify a statute or rule authorizing him to move this court for sanctions, or specify what sanction he would have this court impose. In Minnesota, a statute sets forth the appropriate procedure to request sanctions in civil lawsuits. Minn. Stat. § 549.211, subd. 4 (2022). Irgens did not comply with that statute in making his request for sanctions, and thus, his request is not properly before us. Irgens's request for sanctions is denied, and his attempt to deny his victims the measure of redress awarded by the Wright County District Court is at an end.

In summary, none of the issues Irgens raises in his brief provide a basis for relief.

**Affirmed.**

10