WILLIAM CLARK *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY and another.

June 3, 1881.

Pleading—Negligence.—In an action for damages, the complaint alleged that the defendant, " by the culpable carelessness, negligence, unskifulness, and mismanagement of said defendants and their employés, wrongfully ran a locomotive, with a train of cars thereto attached," against plaintiff's horses and wagon, while lawfully travelling along the public highway.  *Held,* that, on demurrer, the complaint was sufficient, although it did not state the specific physical acts constituting the alleged negligence and carelessness.

Appeal by plaintiff from an order of the district court for Freeborn county, *Farmer,* J., presiding, sustaining the demurrer of the defendant, the Chicago, Milwaukee & St. Paul Railway Company, to the complaint.

*Lovely & Morgan,* for appellant.

*Cameron, Losey & Bunn,* for respondent.

A party, charging negligence as the ground of an action, must allege and prove it; it is the gist of his action; he must show that the defendant, by his act or omission, has violated some duty incumbent upon him, which violation of duty has caused the injury complained of. *Field*, J., in *The Nitro-Glycerine Case*, 15 Wall. 524. Negligence is a conclusion of law, which flows from the facts where their relations and proper weight are fully determined. Wharton on Negligence, §§ 1, 2. A good pleading must therefore plead, first, a duty owing by the defendant, or facts from which a duty can be inferred; it must next show an imperfection or failure in performing this duty; and, lastly, that such breach of duty was the natural and proximate cause of the injury.

This case must be distinguished from those cases where negligence is presumed from the mere act, such as loss of goods by a common carrier, of which character are all the cases cited in Bliss on Code Pleading, § 211. In these cases, no other proof than the act itself is necessary to make a case, and therefore no other allegation is required to make a pleading. *McCauley* v. *Davidson*, 10 Minn. 335, (418;) Cooley on Torts, 592; *Spaulding* v. *Chicago & N. W. Ry. Co.*, 30 Wis. 110. The present case is different. No presumption is raised by the mere fact of the collision on the crossing; there should be a statement of the facts constituting the negligence. *Griggs* v. *City of St. Paul*, 9 Minn. 231, (246;) *Mann* v. *Morewood*, 5 Sandf. 557; *Eno* v. *Woodworth*, 4 N. Y. 249; *Fairbanks* v. *Bloomfield*, 2 Duer, 349; Van Santvoord's Pleadings, 246–253; *City of Buffalo* v. *Holloway*, 7 N. Y. 493; *Moss* v. *Pacific R. Co.*, 49 Mo. 167; *Wilson* v. *Rochester & S. R. Co.*, 16 Barb. 167; *Cook* v. *Mil. & St. P. Ry. Co.*, 36 Wis. 45; *Cuthbert* v. *City of Appleton*, 22 Wis. 612.

MITCHELL, J. This is an appeal from an order sustaining a demurrer to the complaint. The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action. The here material allegations of the complaint are as follows: "That heretofore, to wit, on or about the sixth day of September, A. D. 1880, the servant of this plaintiff was lawfully travelling in a wagon drawn by two horses, all the property of this plaintiff, along the public highway in the town of Carlston, in said county of Freeborn,

which public highway crosses said railroad operated by said defendants, near the section line between sections 29 and 32 in said township of Carlston; that, as the said servant of this plaintiff reached said crossing, the defendants herein, by the culpable carelessness, negligence, unskilfulness and mismanagement of said defendants and their employes, wrongfully run a locomotive, with a train of cars thereto attached, used and employed by said defendants in operating said railroad, against plaintiff's said horses, and threw them down, killing one of them immediately, and so severely injuring the other as to render him practically worthless."

It is urged that it is not sufficient to allege that an act was done negligently or carelessly; that this is merely a conclusion of law, and not a statement of an issuable fact; that the physical facts constituting the negligence must be alleged. It is, of course, an elementary rule of pleading that facts, and not mere conclusions of law, are to be pleaded. But this rule does not limit the pleader to the statement of pure matters of fact, unmixed with any matter of law. When a pleader alleges title to or ownership of property, or the execution of a deed in the usual form, these are not statements of pure fact. They are all conclusions from certain probative or evidential facts not stated. They are in part conclusions of law, and in part statements of facts, or rather the ultimate facts drawn from these probative or evidential facts not stated; yet these forms are universally held to be good pleading. Some latitude must therefore be given to the term "facts," when used in a rule of pleading. It must of necessity include many allegations which are mixed conclusions of law and statements of fact; otherwise pleadings would become intolerably prolix, and mere statements of the evidence. Hence, it has become a rule of pleading that, while it is not allowable to allege a mere conclusion of law containing no element of fact, yet it is proper, not only to plead the ultimate fact inferable from certain other facts, but also to plead anything which, according to the common and ordinary use of language, amounts to a mixed statement of fact and of a legal conclusion. It may not be possible to formulate a definition that will always describe what is a mere conclusion of law, so as to distinguish it from a pleadable, ultimate

fact, or that will define how great an infusion of conclusions of law will be allowed to enter into the composition of a pleadable fact. Precedent and analogy are our only guides. And it is undoubtedly true that there will be found a want of entire judicial harmony in the adjudicated cases as to what are statements of fact, and what are mere conclusions of law. And in holding one class of inferences as facts to be pleaded, and another as conclusions of law to be avoided, courts may have been often governed more by precedent than by a substantial difference in principle. But it has been quite generally held that the question of negligence in a particular case is one of mingled law and fact; that when we speak of an act as negligent or careless, according to the common use of language, we state, not simply a conclusion of law, but likewise state an ultimate fact, inferable from certain other facts not stated.

Therefore, it has been generally settled by precedent and authority that a general allegation of negligence or carelessness, as applied to the act of a party, is not a mere conclusion of law, but is a statement of an ultimate fact allowed to be pleaded. Such a general form of alleging negligence seems to have been permissible in common-law pleading. Some of the forms of declarations given by Chitty, when stripped of mere superfluous verbiage, amount to nothing more than this. See 2 Chitty on Pleading, 650; also Bliss on Code Pleading, § 211; *Grinde* v. *M. & St. P. R. Co.*, 42 Iowa, 376; *Oldfield* v. *N. Y. & H. R. Co.*, 14 N. Y. 310. Therefore, while the court on motion would, on proper showing, doubtless have the right to require this complaint to be made more definite, yet we think it was not demurrable on the grounds stated.

Another objection made to this complaint is that, from the facts stated, it appears that plaintiff himself was guilty of contributory negligence. It is the settled law of this state that contributory negligence of the plaintiff is matter of defence, and that plaintiff, in making out his case, need not prove the absence of it. *Wilson* v. *Northern Pacific R. Co.*, 26 Minn. 278. Hence it is not necessary for the plaintiff, in his complaint, to negative the existence of contributory negligence on his part. It is, however, doubtless true that if his complaint stated facts which showed affirmatively that he was guilty of negli-

gence which contributed to the injury, the complaint would be demurrable. But this complaint is not liable to any such objection: it alleges that his team was lawfully travelling on the highway at the time and place when and where the accident occurred. It does not allege that his servant did not look out for approaching trains, nor does it appear from the facts stated that he could have seen it if he had looked, so as to raise a presumption that he failed to look. The remark made by this court in *Brown* v. *Mil. & St. Paul Ry. Co.*, 22 Minn. 165, 168, quoted by counsel, was made with reference to the facts and circumstances of that case, as indisputably disclosed by the evidence.

Order reversed.