In the matter of G. C. Stevens, Insolvent.

May 21, 1888.

Insolvency—Petition for Receiver—Necessary Averments.—A petition for the appointment of a receiver, as provided by Laws 1881, c. 148, § 2, which states that, by means of an act or conveyance particularly detailed, an alleged insolvent gave to certain of his creditors a preference over other creditors, and that said act was performed and conveyance made for the purpose of giving such preference, the petition being adequate in other respects, is sufficient.

Appeal by the petitioning creditors from an order of the district court for Hennepin county, *Hicks*, J., presiding, dismissing the petition, on motion of other creditors, who were made parties respondent, as having received preferences.

*Noyes & McGee*, for appellants.

*Ferguson & Kneeland*, for respondents.

Collins, J.   This is a proceeding under the insolvency act of 1881, in which, upon the petition of the requisite number of creditors, an alleged insolvent, with certain other creditors, was cited before the court to show cause why a receiver should not be appointed, as provided in Laws 1881, c. 148, § 2.   The only fault found with the petition is that it fails to specifically and precisely point out the manner, or how, by reason of certain acts of the debtor therein quite fully detailed, the creditors cited obtained a preference.   The petitioners state, after other formal matters, the execution and delivery by the debtor to these other creditors of a bill of sale conveying all her property, made for the purpose, and which in fact did give to such creditors a preference; and this is claimed to be stating a mere conclusion of law instead of pleading a fact.   It must be admitted that, if a fact is not here set forth, the court below did not err when it discharged the order to show cause.   The statute provides that when an insolvent debtor shall confess a judgment, or shall do any act, or shall make a conveyance, whereby any of his creditors shall obtain a preference over another creditor, the remedy here sought may be had, unless the debtor shall assign within

10 days after either of these preferential acts. The preference mentioned has a well-defined meaning in law, and is the paying or securing of one or more creditors, in whole or in part, to the exclusion of the rest, (2 Bouv. Law Dict. 447;) a payment to one creditor, which will give or may possibly give him an advantage over others. *In re Hapgood*, 2 Lowell, 200. So that the petition may be read as if stating, in addition to the act or conveyance complained of, that by reason thereof the insolvent paid the creditors therein named to the exclusion of others. How this was accomplished is not material, if upon trial the fact is established. That it was done might be shown in a variety of ways,—by direct evidence, or by circumstances sufficient to convince the tribunal in which the testimony is produced that the forbidden preference has in fact been given. The rule that facts, and not mere conclusions of law, must be pleaded, does not limit the pleader to pure matters of fact, unmixed with any matter of law. *Clark* v. *Chicago, Mil. & St. Paul Ry. Co.*, 28 Minn. 69, (9 N. W. Rep. 75.)

We are of the opinion that the petition is sufficient, and the order appealed from is reversed.