STATE v. ALFRED HENDRICKSON and Another.[1]

June 27, 1900.

Nos. 12,213—(262).

### Obstruction of Highway—Description of Road by Signs and Letters.

In proceedings to convict for the obstruction of a public highway the state introduced the order of the county commissioners laying out the road. The description of the highway in this order contained signs and letters bearing upon their face no general or well-defined meaning. *Held*: (1) That it was incumbent upon the state to prove that the signs and letters were in fact intelligible, and had a definite and certain meaning; (2) that the evidence was not sufficient to support the verdict.

Appeal by defendants from a judgment of the district court for Hubbard county, Holland, J. Reversed.

*B. F. Wright* and *Lindbergh & Blanchard*, for appellants.

*W. B. Douglas*, Attorney General, and *C. W. Somerby*, Assistant Attorney General, for respondent.

LEWIS, J.

Defendants were convicted of obstructing and rendering dangerous for passage a public highway, flooding the same with water by the maintenance of a dam across a stream. Appeal is taken from the judgment of conviction entered therein. It was necessary for the state to prove that the place flooded by the act of defendant was a public highway. The only evidence as to the locus in quo was a

1 Reported in 83 N. W. 153.

certain order of the county commissioners locating a highway the description of which is as follows:

"Beginning at a point 80 rds East of S W Corner of Sec 6 Twp 139 R 32 thence S 19 W 24 chns S $20\frac{1}{2}$ W 6 chns S $56\frac{1}{2}$ W $6^{00}$ chs West $6^{85}$ chs South $50^{13}$ chns to N W Corner of S 18 Twp 139 R 32 thence in Town 139 R 33 West $39^{60}$ to $\frac{1}{4}$ post North of Sec 13, West $40^{020}$ chs to N W corner of Sec 13, thence South 33 chs, thence West 70 chs thence S 67 W $17^{30}$ chs to a point $6^{33}$ chs West of $\frac{1}{4}$ post West of Sec 14, thence West with a Variation of 9 degrees $73^{20}$ chs to a point $1^{02}$ chs South of $\frac{1}{4}$ Post West of Sec 15 thence S 57 W 17 chs into old road."

It is claimed by the defendants that the description is indefinite, and does not define a road. The state claims that it is a good description, and that a practical surveyor, by following it, could lay out the road. There is a definite starting point, and, if the various intermediate descriptions are intelligible, there is a definite terminus. So, if the various turns and directions between the beginning and the end are such that a practical surveyor could understand them, the statute would be complied with, which requires the beginning, course, and termination to be set forth.

We assume that the terms used, viz. "thence S 19 W 24 Chns " and the others similar, have a defined and well-understood meaning among the persons engaged in using them. But to the ordinary person this language is Greek, and upon their face these descriptions are not intelligible, and have no generally known meaning, and could be understood only by the person who made the survey, or by a practical surveyor. There is no presumption that they are intelligible. The defendants were not required to prove that these signs and letters were meaningless; they stand so prima facie. And if, in fact, they have a definite meaning, then the burden was on the state to show it. This it failed to do. For this reason the evidence was not sufficient to establish the necessary element of proof that the locus was in fact a public highway. It is not necessary to consider the other points.

Judgment reversed.