ANNA KRETZSCHMAR v. PATRICK MEEHAN and Another.[1]

November 26, 1900.

Nos. 12,462—(146).

**Log Boom—Negligence—Pleading.**

Plaintiff was the owner of a milldam and bridge across Red Lake river of the value of $350. At a short distance above such bridge defendants erected a sawmill, and constructed a boom or reservoir in said river, in which to collect and store saw logs. In the spring of 1897 a large and unusual quantity of ice, logs, and driftwood was collected in said boom, and cast in a body down upon plaintiff's bridge, and destroyed it. *Held*, that the complaint sufficiently alleges the negligent construction and maintenance of such boom.

**Verdict Sustained.**

Evidence *held* to sustain the verdict.

Action in the district court for Red Lake county to recover $350 damages for the destruction of plaintiff's bridge alleged to have been caused by defendants' negligence. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $200. The complaint included a second cause of action, which was withdrawn by plaintiff when the case was called for trial. From an order denying a motion for judgment on both causes of action notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Henry W. Lee*, for appellants.

*H. Steenerson, Ira C. Richardson* and *Charles Loring*, for respondent.

[1] Reported in 84 N. W. 220.

BROWN, J.

Plaintiff owned a milldam across Red Lake river at Thief River Falls, over which she had constructed a bridge of the value of $350. At a short distance above the dam defendants erected a sawmill, using in connection therewith the mill pond for storing and sorting saw logs. They erected and constructed in the pond and river a boom, or, as termed in the briefs, a "sorting works," occupying therefor the whole width of the river except a narrow channel on the west side; the sawmill and boom being upon the east side. In the spring of 1897 the ice, snow, logs, and driftwood floating down the river were obstructed by the boom and sorting works until large quantities formed and collected therein, causing a jam, which finally broke away, precipitating the same down upon plaintiff's bridge in unusually large quantities, in consequence of which the bridge was washed out and destroyed. On the claim that defendants' boom and sorting works were negligently constructed and maintained, and that by reason thereof plaintiff's bridge was washed out, this action was brought to recover damages. Plaintiff had a verdict in the court below, and defendants appealed from an order denying a new trial.

No questions requiring any extended notice are presented by the record. There seems to have been a full and fair trial in the court below, and the evidence is ample to sustain the verdict. Defendants' first assignment of error goes to the sufficiency of the complaint. That the complaint is sufficient there can be no serious question. No point is made as to the legal rights of the parties. Plaintiff had the right to erect the bridge alleged to have been destroyed, and defendants had the right to construct and maintain their boom and reservoir for the storing of saw logs. In so erecting and maintaining the same, defendants were bound to the exercise of ordinary care and prudence. Defendants' objection to the complaint is that it fails to allege that they were guilty of negligence with respect to such construction and maintenance. The allegations of the complaint are

"That said defendants' piers, booms, and piling were so negligently placed in said river as to unreasonably and almost entirely obstruct

navigation therein"; and that "by reason of the improper and unreasonable obstruction of said river by said booms, piers," etc., plaintiff's damage and injury were caused.

The allegations are sufficient; certainly as against an objection first made on the trial. Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69, 9 N. W. 75.

The second assignment of error—"that the court erred in admitting immaterial and improper and in excluding proper testimony"—is wholly insufficient. Yellow Medicine Co. Bank v. Wiger, 59 Minn. 384, 61 N. W. 452. The other assignments of error do not require special mention.

Order affirmed.