CHARLES CASEY v. AMERICAN BRIDGE COMPANY OF NEW JERSEY.[1]

May 19, 1905.[2]

Nos. 14,408—(98).

**Pleading—Demurrer.**

Where a complaint by its allegations presents two apparent theories of plaintiff's cause of action, one sufficiently, and the other insufficiently, pleaded, the court, in construing it on demurrer, will adopt the theory which will sustain the action, rather than the one which will defeat it.

**Allegation of Negligence.**

Clark v. Chicago, M. & St. Paul Ry. Co., 28 Minn. 69, to the effect that a general allegation of negligence is sufficient when challenged by demurrer, followed and applied.

**Allegation of Injury.**

The rule laid down in that case applies to a general allegation of plaintiff's injuries; and an allegation that plaintiff suffered serious bodily injury and pain, and will continue to suffer pain and permanent bodily injury, is sufficient as against a general demurrer.

**Remedy by Motion.**

The remedy in such case is by motion to make the pleadings more specific.

Action in the district court for Ramsey county to recover $2,531.55 for personal injuries   From an order, Brill, J., overruling a general demurrer to the complaint, defendant appealed.   Affirmed.

---

[1] JOHN CASEY v. AMERICAN BRIDGE COMPANY OF NEW JERSEY.

May 19, 1905.

Nos. 14,409—(99).

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., overruling a general demurrer to the complaint.   Affirmed.

*Davis, Kellogg & Severance*, for appellant.

*John C. Tarsney, M. J. Kane, John G. Park* and *T. P. McNamara*, for respondent.

PER CURIAM.

The questions presented in this action are indentical with those in Casey v. American Bridge Co. of New Jersey, and the same order must be made.

Order appealed from affirmed.

[2] Reported in 103 N. W. 623, 624.

*Davis, Kellogg & Severance,* for appellant.

*John C. Tarsney, M. J. Kane, John G. Park,* and *Thomas P. Mc-Namara,* for respondent.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's complaint.

The complaint alleges that defendant, a New Jersey corporation, acting for the Wrought Iron Bridge Company, another corporation, constructed a certain bridge over and across Cottonwood creek, in the county of Kingfisher, territory of Oklahoma, to be used in connection with and as a part of the highway extending across said creek. The bridge was constructed under a contract with the public authorities of Kingfisher county, and after its construction was used by the public generally for passage along the highway and across the creek; that, in constructing the bridge, defendant negligently and carelessly used unfit, insufficient, and unsuitable materials therefor, and negligently did the work in putting the materials together; that the bridge as constructed by it was insufficient and unsuitable for public use; that, on the date stated therein, plaintiff was lawfully traveling along the highway and across the bridge, and, by reason of the negligent and defective construction of the same, it gave way, precipitating him to the ground beneath, and causing him great personal injury, to his damage in the sum of $2,500. Then follow allegations to the effect that on November 20, 1903, plaintiff brought an action against the Wrought Iron Bridge Company in the circuit court of the state of Missouri to recover the identical damages sought to be recovered in this action, alleging the same negligent acts and omissions in the materials and construction of the bridge, in which action plaintiff recovered the sum of $2,500 damages and $31.55 costs. The complaint further alleges that the defendant in this action conducted the defense in that action for and on behalf of the Wrought Iron Bridge Company, and was and is in fact the real party in interest.

It is contended by defendant, in support of its demurrer to the complaint: (1) That, if the action be construed as one to recover upon the judgment against the Wrought Iron Bridge Company, the complaint is defective, in that it does not allege the jurisdiction of the court to entertain that action, or that a valid judgment was rendered

therein; and (2) that, if the complaint be construed as stating a cause of action for the original injury, it is defective in not alleging specifically the negligent acts or omissions complained of, or the particular injuries for which plaintiff seeks compensation and redress.

We are of opinion that the learned trial court correctly overruled the demurrer. By invoking the general rule that pleadings are to be construed liberally, we have no difficulty in holding that the complaint states a cause of action for the negligence of defendant in the construction of the bridge, and not upon the judgment recovered against the Wrought Iron Bridge Company. The general rule is that a complaint, to be held bad on demurrer, must be wholly insufficient; if to any extent, on any reasonable theory, it presents facts sufficient to justify a recovery, however inartificially the facts may be stated, the complaint will on demurrer be sustained. 4 Am. & Eng. Enc. Pl. & Pr. 744; Spottswood v. Herrick, 22 Minn. 548. If a complaint presents two apparent theories of plaintiff's cause of action, one sufficiently, the other insufficiently, pleaded, as in the case at bar, the court will, in construing it, adopt the theory that will sustain the action, rather than the one that would defeat it. Batman v. Snoddy, 132 Ind. 480, 32 N. E. 327.

The objection to the complaint in this action is, in effect, that neither the particular acts or omissions of defendant relied upon as a basis of the action, nor the specific injuries complained of, are pleaded. It is true that the negligence relied upon is pleaded in general terms, no specific act of negligence being charged, but this is not fatal to the complaint. We have uniformly held this form of pleading good as against a demurrer. Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69, 9 N. W. 75; Hinton v. Eastern Ry. Co. of Minn., 72 Minn. 339, 341, 75 N. W. 373; Kretzchmar v. Meehan, 81 Minn. 432, 434, 84 N. W. 220; Pope v. Great Northern Ry. Co., 94 Minn. 429, 103 N. W. 331.

The rule laid down in the cases cited applies equally to the general allegations respecting plaintiff's injuries. The complaint in both particulars is sufficient. If defendant desires more specific information upon either feature of the case to enable it to answer and prepare for trial, its remedy is by motion to make the complaint more definite and certain. As to the nature and character of plaintiff's injuries, such a motion would be granted as a matter of course. But, as against

a general demurrer, the general allegation that plaintiff was caused "great physical injuries, whereby he suffered and will continue to suffer permanent physical injuries and great pain of mind and person," is sufficient.

We do not deem it necessary at this time to consider what effect proof of the judgment against the Wrought Iron Bridge Company may have on the issues in this case. The question is not properly before us, and we pass it by for future consideration, should occasion render it necessary.

Order affirmed.