GEORGE BJELOS v. CLEVELAND CLIFFS IRON COMPANY and Another.[1]

December 24, 1909.

Nos. 16,307—(92).

**Negligence — Ultimate Fact Pleaded.**

> A complaint which contains a general allegation that defendant was negligent pleads the ultimate fact upon which the liability of the defendant is based, and is good upon demurrer.

Action in the district court for St. Louis county against defendant company and John Reigart to recover $50,000 for personal injuries. The allegations of the complaint concerning defendant Reigart were as follows:

"That at all times herein mentioned the defendant John Reigart was in the employ of said defendant, the Cleveland Cliffs Iron Company, as superintendent or manager, and the plaintiff was under the

[1] Reported in 123 N. W. 922.

charge and control of said Reigart and it was his duty to obey the orders of said Reigart.

"The said defendant knowingly hired, had and kept in its employ the said John Reigart as superintendent or manager, a young boy who was utterly incompetent, and habitually careless and negligent, and who has a reckless disregard for the safety of plaintiff and the employees working in said mine, whose only desire was to get the work done regardless of the consequences; that the said defendant, the Cleveland Cliffs Iron Company, wilfully and wantonly and carelessly and negligently assured plaintiff that the place where he was ordered and directed to work, was safe and that there was no danger from a cave in, after plaintiff had complained of such danger, and objected to working at such place, and plaintiff relying upon such assurance so given went to work where he was so ordered and directed to work, by reason of which acts of negligence working conjointly with the negligence of John Reigart cause[d] the injuries herein mentioned.

"That notwithstanding the duty of the said John Reigart, he utterly failed and neglected to see that place where plaintiff was required to work was reasonably safe, and utterly failed and neglected to have or take any precautions to safeguard the said bank, near which plaintiff was required to work; and failed to furnish a sufficient number of men to do said work, so that the said place where the blasts were set off could be cleaned up, so as to make the same safe so that there would be no danger therefrom, by reason of which acts of negligence working conjointly with the negligence of the Cleveland Cliffs Iron Company caused the injuries herein mentioned."

Defendant Reigart demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against him. From an order overruling the demurrer, Dibell, J., he appealed. Affirmed.

*H. J. Grannis* and *William P. Belden,* for appellant.

*J. De La Motte,* for respondent.

O'BRIEN, J.

Defendant Reigart demurred to the complaint in this action, in which he was joined as a defendant. It appears from the complaint

that the plaintiff was a miner in the employ of the iron company, of which the defendant Reigart was superintendent, and that the plaintiff was injured by the caving ·in of certain portions of the mine, caused, it is alleged, by negligent methods of operation. It is impossible to say whether the pleader intended to charge Reigart with negligent acts of commission or·omission, whether that he personally performed or directed the acts which it is claimed rendered the mine unsafe, or whether it is sought to hold him simply upon the ground that he, as superintendent, was charged with the duty of providing for the safety of the other employees. It is obvious, therefore, that any discussion as to what conduct upon the part of a superior officer will render him personally liable to an injured subordinate would be largely academic, as each case must depend upon the particular circumstances involved.

If, under the ultimate facts alleged in a pleading, the pleader may introduce evidence to establish a conclusion in accordance with his claim, a demurrer to the pleading must be overruled. A party is entitled to definite information as to the theory upon which it is claimed he is liable; but, where a pleading is so loosely drawn that it is impossible to determine definitely what acts or series of acts may be claimed to support the final claim of negligence made, the remedy is not demurrer but a motion to make the pleading more definite and certain. We are inclined to think that under the complaint in this case the plaintiff would be permitted to show direct and personal acts upon the part of the defendant Reigart which would be sufficient to render him personally responsible to the· plaintiff for the injuries received by him. Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69, 9 N. W. 75; Casey v. American Bridge Co., 95 Minn. 11, 103 N. W. 623, 624; Branton v. McLaughlin, supra, p. 244, 123 N. W. 808.

The order overruling the demurrer is affirmed.