R. OBERT and Another v. BOARD OF COUNTY COMMISSIONERS OF OTTER TAIL COUNTY.[1]

May 29, 1913.

Nos. 18,051—(135).

**Change of highway — description.**

1. In proceedings to alter a highway, the description thereof at certain places was inaccurate as to course or distance, but by designated fixed lines and points no practical difficulty would be found in locating the highway upon the ground; *held*, that such inaccuracies were not fatal to the proceedings.

**Verdict sustained by evidence.**

2. The evidence sustains the verdict as to the propriety and necessity of the alterations of the highway.

**Refusal of request to charge.**

3. The appellants' requested instruction was in substance covered by the general charge, and no prejudicial error is found in the instruction complained of.

A petition for a change of highway was granted by the board of commissioners of Otter Tail county, and all that part of the road which lay between the point of beginning and the point of termination of the changed road vacated. From the order of the board R. Obert and J. W. Nelson appealed to the district court for Otter Tail

1 Reported in 141 N. W. 810.

county. The appeal was heard before Nye, J., who, at the close of the hearing, denied appellants' motion to reverse the order establishing the new road and vacating the old road, and a jury which returned a verdict affirming the order of the board. From the order denying appellants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Leonard Eriksson,* for appellants.

*M. J. Daly* and *Anton Thompson,* for respondents.

HOLT, J.

The county commissioners altered the location of an established highway in Otter Tail county for a distance of about $1\frac{1}{3}$ miles. The appellants appealed to the district court where the action of the county commissioners was approved by the verdict of a jury. From an order denying appellants' motion in the alternative for judgment notwithstanding the verdict or for a new trial, this appeal is taken.

The chief contentions of appellants are: (a) That the description of the part of the road to be substituted in place of the piece vacated in the petition for the alteration, and subsequent proceedings, is fatally defective; (b) that the evidence does not support the conclusion of the jury that the alteration was necessary or expedient; and (c) error in the charge. Rulings at the trial are not here for review; for none in particular is assigned as error. Kretzschmar v. Meehan, 81 Minn. 432, 84 N. W. 220; Pope v. Wisconsin Central Ry. Co. 112 Minn. 112, 127 N. W. 436.

Of course if, in the proceedings, the description of the highway as to the part to be vacated and the part to be substituted therefor is fatally defective, the appellants were, and are here, entitled to judgment. It is not to be denied that at two points in the highway as altered, the distances and courses cannot be reconciled. The new part of the road leaves the old on an east and west section line, runs west on the section line 3137 feet, thence north 60° west 574 feet, thence south 23° west 250 feet to pass around the end of a pond, thence west on the section line 400 feet, thence north 89° west 476 feet to a point 50 feet north of the meander post at the lake. The mistakes are two.

First, when the road diverges to the north around the end of the pond either the first course must be modified or the distance for the second course increased from 250 feet, as given, to 316 feet in order to get back to the section line for the 400 feet run thereon.

While the surveyors, called as witnesses, agreed that the courses and distances given could not be reconciled, still no practical difficulty was found by them in locating the road. Fixed points are given which control and correct the inaccuracy in the course and distance.

The second mistake is in the last course of the description above given, namely: "Thence north 89° west 476 feet to a point 50 feet north from meander stake No. 30." The course given would lead to a point 8 feet instead of 50 feet north of the stake.

As to this last error, it is sufficient to say that course and distance must yield to designated monuments. The monument is given. Preston's Heirs v. Bowmar, 6 Wheat. 580, 5 L. ed. 336. The case of State v. Hendrickson, 80 Minn. 352, 83 N. W. 153, on which appellants rely, is not in point. The court did not, in that case, hold that technical terms are insufficient in highway descriptions, but that, when such terms are used, it is necessary to show their meaning if they be not in themselves intelligible. We hold the description of the proposed alteration and vacation in these proceedings sufficiently accurate.

Little need be said of the necessity and expediency of the alteration. That was for the jury. While, on the one hand, public travel may be best served by the highway which goes straight to the destination regardless of government descriptions, and by the one which has the easiest grade and is the least expensive to maintain, nevertheless, public welfare may also require that some consideration be given the effect it has upon the lands through which it passes, and the number of owners of lands that may have access thereto. In the present case, it appears that by the change, two farmers, at least, who in the absence of this alteration are shut out from public roads will be served. The matters of expense to build and maintain the new road and the service it would give the public as compared with the old part were fully presented at the trial. The jury found the alteration proper and necessary. Such finding has been approved by the

trial court, and we ought not to interfere therewith on this record, since it by no means conclusively appears therefrom that public convenience and necessity will not be served by the change. Fohl v. Common Council of Sleepy Eye Lake, 80 Minn. 67, 82 N. W. 1097; Minneapolis & St. L. R. Co. v. Village of Hartland, 85 Minn. 76, 88 N. W. 423.

The appellants complain of the refusal to give this requested instruction to the jury: "The board of county commissioners have the burden of proof and must justify the proposed vacation of the old road by satisfactory evidence so that the proposed vacation and the establishment of the new road are warranted upon the grounds of public necessity, convenience and welfare." We think this request was fully covered by the charge wherein the court stated, "that the burden of proof here, of course, rests upon the county board to show by what we term a preponderance of evidence that the change should be made, and you will understand also, that while that is true, that you are dealing with the question as if it had originated here in this court; that is, you are not bound in any way by any proceedings that have been taken heretofore in so far as the matter of determining this question is concerned. * * * You are instructed as a matter of law that public roads are laid out for public convenience and welfare. The proper inquiry for you to answer is, 'does public convenience and necessity require the change, or does the present road furnish needed facilities for transit to the public in general, and is it performing a useful function in the promotion of the public good and convenience?'"

Nor is there room for just complaint in the reference made to the action taken by the county commissioners in the premises. The court took special pains to inform the jury that the advisability of the proposed alteration was exclusively for them to determine as an original proposition uninfluenced by the previous action of the board. The appellants were permitted, against objections made, to call three of the county commissioners for cross-examination under the statute, with the evident object of showing that they acted hastily, without sufficient information, and perhaps biased by favoritism in their decision. The respondents afterwards called the same county com-

missioners, and without objection showed the steps taken to gain information before determining the matter. Without approving or disapproving this practice, it is plain that appellants ought not, in view of the course pursued by them, to be heard to claim prejudicial error in this part of the charge: "Of course the evidence shows * * * tends to show * * * that the board of county commissioners acted in the matter in good faith after having examined the premises, and that upon such examination and the information they had before them they granted this petition; but, as I say, the question is an original one for you and you are to determine it in the light of the evidence before you and not upon the evidence or proceedings which were had before the county commissioners."

The order is affirmed.