COUNTY OF OTTER TAIL v. FRANK A. NELSON AND OTHERS.[1]

November 10, 1932.

No. 28,994.

[1]Reported in 245 N. W. 427.

*Owen V. Thompson* and *M. J. Daly, Jr.,* for appellant.
*John L. Townley, Jr.,* County Attorney, for respondent.

WILSON, C. J.

The appeal is from an order denying an alternative motion for judgment non obstante or a new trial.

Otter Tail county, under L. 1929, p. 150, c. 155, Mason, 1931 Supp. § 2560-1, instituted condemnation proceeding to acquire a certain portion of the land owned by appellant. This was involved in an adjustment or general scheme of improvement in state aid road No. 12, running generally from near Underwood northeasterly for several miles to a point south of Perham. Appellant attacked the jurisdiction of the court. The matter progressed, and commissioners awarded appellant damages at $328. On appeal as to the question of damages the jury awarded him $446.

We are concerned with about 160 acres of appellant's land. It appears in form on a map, exhibit D, as about a quarter section. His buildings are near the southeast corner. There was an old road entering upon this land from the southwest at a point about 1,000 feet north of the southwest corner and then extending northeasterly about 300 feet; thence in rather a crescent shape more to the east about 1,600 feet; thence northeasterly again to the easterly line of appellant's land. This road was not straight in any sense; and, in addition to taking the general route indicated, it was a tortuous one with short slight bends and some longer ones. Reference will be made to this highway as the "old road."

In 1911, upon petition, the old road was vacated by the county board and a new road (not here important) established along the north line of this land, across the northwest corner thereof, and along the westerly side intersecting there with the old road. See Obert v. Bd. of Co. Commrs. of Otter Tail County, 122 Minn. 20, 141 N. W. 810. The old road, in obedience to statute, was left open for two years, at the end of which time the new road had not been

completed. Appellant claims that he then entered into an agreement with the county board and the town board permitting them to keep the road open for a further period; perhaps until the new road was completed. There the matter rested. From 1913 to 1923 no work of any kind was done on the old road. In 1923 the county board commenced to maintain the road, and from then up to the time of the commencement of this proceeding, in April, 1930, the old road was dragged with team and road drag. Respondent denies the claim of appellant that the old road was at any time in use under such agreement as he claims.

State aid road No. 12 was so designated on May 9, 1922, and was approved by the commissioner of highways on June 29, 1922. As so designated and approved, it was a continuous road of several miles including and embracing the route of the old road over and across appellant's land. Thus when it was so designated it had a gap in it over appellant's land, the old road having there been vacated as aforesaid, though it had never been closed to the public. Following said designation of the state aid road and since 1923, as found by the trial court, this old road has been worked and maintained at public expense with the knowledge and acquiescence of the appellant.

With the foregoing background, the county board on April 1, 1930, by resolution determined that it was expedient and necessary to construct and improve state aid road No. 12 in accordance with certain plans prepared therefor, and therein selected and designated the route and course for said state aid road No. 12 as specifically set forth and described in said resolution and determined that that portion of the right of way of said state aid road No. 12 which had not been acquired theretofore by purchase be acquired by condemnation, and that the description of such land include in part a new route over and across appellant's land which followed the route of the old road only in a small portion. This new route across appellant's land, which is now the subject of this controversy, enters appellant's land on the west about 300 feet south of where the old road crosses appellant's west line, and then goes in quite a straight

route, a little north of east substantially to appellant's east line. At a point about 2,300 feet from appellant's west line it comes in contact with the old road. Up to this point it is, generally speaking, about 400 or 500 feet south of the general route of the old road. From the point mentioned the old road extended a little to the south and east, where it met another road going to the northeast. But from the point mentioned the new road continued straight, swerving somewhat to the north, meeting apparently the same road which the old road had met near the easterly line of appellant's land, the new route here being north 300 feet from the farthest point of the old road to the south thereof.

This proceeding contemplated an altering of the existing state aid road No. 12. This was permissible under L. 1929, p. 150, c. 155, § 1, Mason, 1931 Supp. § 2560-1. But the claim of appellant is that the change is a material alteration of the general course of such road, and therefore the project is beyond the reach of the particular statute. If his claim in this respect was well founded, the court would be without jurisdiction to act under this statute and the proceeding would have to be initiated by petition.

Appellant's contention is that the old road was no longer a public road after a lapse of two years from the time it was vacated. He claims the proposed road will divide his farm to his serious damage. Respondent met this claim by asserting that the old road is a public road four rods wide by user and work by the public; that appellant's land was already thereby divided; and that the result of the new proposed road by condemnation would automatically vacate the old road again and as a result appellant will get back the land covered by the old road free of any easement for road purposes. On this claim he will get back about as much as he loses and besides will have a straight road, somewhat diagonally across his farm, instead of a tortuous one.

Under proper instructions the court submitted to the jury the question as to whether the old road across appellant's land was, at the time this proceeding was initiated, a legal road by use and work for a period of six years. We construe the verdict as indicat-

ing that they found that it was. It would follow under the designation of state aid road No. 12 that it is now a part thereof. In this connection we may state that the court gave the law as argued in appellant's brief, to the effect that the road could not ripen from travel had under appellant's permission.

Obviously the purpose of condemnation proceedings was to straighten state aid road No. 12 by making the change above indicated. This change or modification is not great. It would seem to be beneficial to both the appellant and the public. It will be shorter and straighter. It in no way materially alters the general course of state aid road No. 12. The new part is consistent with the general course of the old road, improves and develops the same, and as changed the road has not lost its identity or been diverted from its general course. It follows that the county board had jurisdiction under the 1929 statute.

Affirmed.

