## CORA LINCOLN SMITH AND OTHERS v. ADA C. SMITH AND OTHERS.[1]

January 6, 1939.

No. 31,915.

[1]Reported in 283 N. W. 239.

*Wilson & Blethen,* for appellants.
*T. O. Streissguth* and *S. P. Gislason,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiffs have appealed from an order sustaining defendants' general demurrer to the first cause of action pleaded in their complaint. As this case and the involved pleading were here before, State ex rel. Smith v. District Court, 202 Minn. 75, 77, 277 N. W. 353, 354, and the facts being there fully stated, we shall refrain from repeating them. They are as therein summarized.

The issue to be determined in that case was whether the action was one involving title to real estate, in which event the place of trial was Hennepin county, or, if it was a transitory action, then it was triable in the county of defendants' residence. We held the action to be transitory, being "entirely clear that plaintiffs' cause of action must wholly rest upon the existence of a contract between them [plaintiffs] and W. W. Smith, * * *. Unless the plaintiffs are entitled to have specific performance of this alleged agreement, they are, under the allegations of the complaint, entitled to no relief."

The complaint is anomalous in that only one set of facts is set forth, these being identical in the two pleaded causes of action. Plaintiffs sought to divide the same facts into two causes by asking for different forms of relief. Only the first cause is here, because as to the second, so counsel inform us, issue has been made by answer.

■ It is elementary that a demurrer raises an issue of law and is for the court's determination. 5 Dunnell, Minn. Dig. (2 ed.) § 7540, and cases under note 43. "In other words, a demurrer raises an issue of law, the determination of which constitutes a trial by a court. It does not raise any question of fact, or a mixed question of law and fact." 21 R. C. L. p. 504, § 69, and cases under notes 19, 20, and 1. Likewise, the demurrer admits all material facts well pleaded, including all necessary inferences or conclusions of law which follow from such facts. In effect, a demurring party says, assuming all the facts to be as you claim them, yet they are insufficient in law to require me to plead further. 5 Dunnell, Minn. Dig. (2 ed.) § 7538a, and cases under note 37; *Id.* § 7542, and cases under notes 45 and 46; *Id.* § 7546; 21 R. C. L. p. 510, § 70, and cases under note 1.

■ It is well to bear in mind that the complaint must be liberally construed, and if by such construction it can be shown that facts are stated entitling plaintiffs to any relief, whether legal or equitable, the complaint is not subject to a general demurrer. And this is true even "though the plaintiff misconceived the nature of his cause of action and demanded inappropriate relief. The test of a complaint on general demurrer is not whether it states the precise cause of action intended, or whether the pleader appreciated the nature of his remedy, or asked for appropriate relief, but whether the facts stated, expressly and inferentially, giving to the language the benefit of all reasonable intendments, show the plaintiff entitled to some judicial relief." 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7549, and cases under notes 77 and 78. "Under the code, a plaintiff may allege all the facts which give rise to his cause of action, and may recover if he prove sufficient of such facts to entitle him to relief. * * * 'When the proofs make out, within the allegations of the complaint, a cause of action, legal or equitable, though it be not of the character given it by the entire complaint, the plaintiff has a right that the cause be retained and tried and the proper relief upon the facts proved administered.'" Tuder v. Oregon Short Line R. Co. 131 Minn. 317, 319, 155 N. W. 200, 201;

Hartford Acc. & Ind. Co. v. Dahl, 202 Minn. 410, 412-413, 278 N. W. 591.

Plaintiffs contend, basing their claims upon the rules stated, that the challenged pleading is sufficient as against a general demurrer. They say that the complaint states a cause of action: (1) For specific performance of an oral contract by the parties partly performed; (2) for relief upon the theory of quasi contract; (3) for relief upon quasi contract as for money had and received; and (4) that it states sufficient facts to constitute a cause of action to enforce a constructive trust.

We are not called upon to determine which of these remedies is available to them, or if any of them can be in fact. That will depend upon what the evidence in the case establishes when the fact issues have been determined. Defendants apparently realize this situation for they have answered the second cause, and as to it concede fact issues to be involved and so to be determined by trial. What they apparently seek to accomplish is to have specific performance ruled out as a matter of law. This we think cannot be done in this manner because, "A party cannot both answer and demur at the same time, and *a fortiori* he cannot insert a demurrer in the form of a protest in the body of an answer." Lace v. Fixen, 39 Minn. 46, 48, 38 N. W. 762, 763; Cashman v. Reynolds, 123 N. Y. 138, 141, 25 N. E. 162. If they desired to have the complaint made more definite and certain they should have moved to accomplish this result or to compel an election prior to the time of answering. "A party is entitled to definite information as to the theory upon which it is claimed he is liable; but, where a pleading is so loosely drawn that it is impossible to determine definitely what acts or series of acts may be claimed to support the final claim of negligence [or liability] made, the remedy is not demurrer but a motion to make the pleading more definite and certain." Bjelos v. Cleveland Cliffs Iron Co. 109 Minn. 320, 322, 123 N. W. 922; 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7528a, and cases under note 37. "In order to conform to the statute, a pleading should disclose, as clearly and concisely as the circumstances reasonably admit, the facts relied upon by the pleader." *Id.* § 7646, and cases under notes

11 and 12. But, if defendants deemed the complaint indefinite, their "exclusive remedy" was "a motion, before trial, to make more definite and certain or to strike out." Indefiniteness cannot be objected to by demurrer. *Id.* § 7648, and cases under notes 17 and 19.

■ Defendants assert that our prior decision "unequivocally established the law" of this case as one strictly limited to "specific performance" of the oral agreement there pleaded. In this they are in error. All that was involved there, and as such necessary to decision, was whether the action was a local or transitory one. We held it was transitory. That much was settled but nothing more. Possibly by that statement defendants and the court as well were led to believe this to be plaintiffs' only remedy. The statement however was made only *arguendo* in relation to the issue presented there and was not intended to be an adjudication eliminating other appropriate remedies available in a transitory action. We think the complaint states a cause of action if we give to the language thereof "the benefit of all reasonable intendments" and shows "the plaintiff entitled to some judicial relief." Accepting the allegations of the complaint at their full worth, it is apparent that defendants have acquired plaintiffs' property to their unjust enrichment in an amount exceeding $30,000. If this is established by competent proof plaintiffs have a right to expect "some judicial relief."

■ We are of opinion that the two claimed causes of action are in fact but one, and that only one cause is to be heard and determined. When so heard the facts will determine, in the light of applicable legal principles, the nature and extent of the remedy applicable thereto.

Order reversed.